**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| THOMAS SAENZ II, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ELEVATION REAL ESTATE PARTNERS, )<br>and STEPHEN KRIEGEL, individually, )<br>)<br>Defendants. ) | Case No. 22-cv-2977 |

**COMPLAINT AT LAW**

Plaintiff Thomas Saenz II, by his attorneys, the Garfinkel Group, LLC, complains against Defendants Elevation Real Estate Partners ("Elevation") and Stephen Kriegel ("Kriegel") (collectively "Defendants") for failing to pay wages for all compensable hours worked in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. ("IMWL"), and the Chicago Minimum Wage Ordinance, Municipal Code of Chicago Section 6-105-020 ("CMWO"), and failing to pay all promised earned wages in violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq., and in support thereof, states:

**PARTIES**

1. Plaintiff Thomas Saenz II ("Saenz" or "Plaintiff") is a resident of Elmhurst, Illinois.

2. Defendant Elevation Real Estate Partners is an entity of unknown corporate or partnership structure with its principal place of business located at 1101 W. Fulton Market Street, Chicago, Cook County, Illinois.

3. Defendant Stephen Kriegel is the owner and Principal of Defendant Elevation.

4. Elevation is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

1

5. Elevation was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the Municipal Code of Chicago §6-105-010.

6. Kriegel too was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d), the IMWL, 820 ILCS § 105/3, and the Municipal Code of Chicago §6-105-010.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction); 29 U.S.C. §216(b) (FLSA jurisdiction); and 28 U.S.C. § 1367(a) (supplemental jurisdiction).

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1), (2) (venue generally), and 29 U.S.C. § 216(b) (FLSA).

## FACTS

9. Elevation Real Estate Partners is a commercial real estate consulting firm engaged in the business of advising investors in real estate development and direct investment in real estate developments, including design, planning, and construction management of large real estate projects.

10. Elevation was founded by Defendant Kriegel.

11. Its primary office is located at 1101 W. Fulton Market Street, Chicago, Illinois.

12. Plaintiff was hired by Elevation and Kriegel on October 15, 2020.

13. Saenz's role at hire and for the duration of his employment was Senior Vice President, Business Development.

14. Plaintiff's agreed compensation at hiring was $200,000 annual salary paid twice per month on the 15th and 30th of every month, or $8,333.33 each paycheck. His compensation also included other compensation not relevant to the claims in this suit.

15. Saenz was employed by Elevation and Kriegel until April 7, 2022.

Nonpayment of Wages - 2021

16. In January 2021, Elevation and Kriegel paid Saenz his first paycheck on January 15 but failed to pay him his paycheck due January 30.

17. Defendants attempted to correct the nonpayment by paying Saenz on February 8, 2021, and designating the check as payment for the January 16 – 31 pay period.

18. However, Defendants then paid Saenz on February 12 for the pay period of February 1 – 15 but did not pay him for February 16-28 period until March 8, 2021.

19. At the close of February, Defendants were one paycheck behind in paying Saenz his promised wages.

20. Saenz then received no further paychecks in March and by the end of March Defendants had fallen behind an additional paycheck.

21. This pattern, of Defendants back dating paychecks to cover earlier pay periods, continued through the remainder of 2021.

22. In total, during the calendar year of 2021, Defendants paid Plaintiff only 22 of his 24 promised paychecks of $8,333.33, or $183,333.26, rather than Plaintiff's promised $200,000 salary.

23. On January 10, 2022, Defendants tendered two paychecks to Plaintiff for $8,333.33 and in the memo of each backdated the checks to the two pay periods of December 1 – 15 and 16-31, 2021.

24. However, because the checks tendered to Plaintiff were dated January 10, 2022, they were not reflected on his W-2 for 2021 and had 2022 level withholding, as opposed to 2021 level withholding, deducted from them.

25. At all times during 2021, including January 16-31 and March 16-31, the two pay periods Defendants failed to pay Plaintiff, Plaintiff continued to work full-time for Defendants.

26. At all times relevant Defendants used a third-party company, Cognos, for payroll processing.

27. Typically, Cognos would withdraw or otherwise receive from Defendants the gross monthly wages for all employees. Cognos would then deduct payroll taxes and pay each employee their net salary for the pay period.

28. In or about November 2021, Elevation Real Estate Partners experienced a cash shortfall such that it was unable to make payroll.

29. Defendant Kriegel contacted Cognos and reported that for the month of November 2021 he would pay Elevation's employees out of his personal account directly and Cognos would record and report for tax reporting purposes the relevant deductions for each employee.

30. Despite this promise by Kriegl, Saenz, was not actually paid his promised salary for the month of November.

31. The following year, Saenz's W-2 reported he had been paid for the month of November, when in fact he had not been paid those wages.

32. Saenz contacted Cognos to report the discrepancy and on or about April 14, 2022, Cognos paid Saenz the 11,000.99 in net salary for the month of November 2021 that Defendants should have paid Saenz in November 2021.

<u>Nonpayment of Reimbursements - 2021</u>

33. During the course of his employment with Defendants, Plaintiff incurred work-related expenses for which he was entitled to be reimbursed.

34. Plaintiff incurred the following expenses for which he timely submitted requests for reimbursement but for which he was never reimbursed:

   a. $227.59 of expenses during a trip to Arizona January 27-29, 2021;

   b. $1,697.19 of expenses during a trip to California June 29 – July 1, 2021;

4

      c. $2,366.90 of expenses attending the Texas Student Housing Conference July 13 – 15, 2021;

      d. $46.00 of expenses for the John buck Spring Fling September 22, 2021;

      e. $42.99 of expenses for the Cohen and Co.'s CRE Social Event October 28, 2021;

      f. $13.69 of expenses for the Cresset Partners Meeting November 4, 2021; and

      g. $103.33 of expenses for the End-of-Year 2021 Onsite November 15-30, 2021.

35. In total, Plaintiff is owed $4,497.69 in expenses for which he timely submitted reimbursement requests, but which Defendants failed to repay or reimburse.

36. The expenses listed in Paragraph 27 were incurred by Plaintiff in the scope of his employment and were directly related to his role as Vice President, Business Development.

37. Plaintiff submitted requests for reimbursement within 30 days of the incurrence of each above-listed expense.

38. Defendants did not maintain a reimbursement policy with which Plaintiff was required to comply.

<u>Nonpayment of Wages - 2022</u>

39. Following the two checks on January 10, 2022, Plaintiff continued to work full-time for Defendants until April 8, 2022.

40. Yet, Defendants failed to pay Plaintiff his promised wages for the months of January, February, March, and April 2022.

41. At no time during or since have Defendants compensated or paid Plaintiff for those 13 weeks in which he worked full time for Defendants.

42. Plaintiff was ultimately constructively discharged on or about April 7, 2022, when his access to his company email and other company systems was cut off by Defendants.

## COUNT I – ALL DEFENDANTS
## FLSA – FAILURE TO PAY MINIMUM WAGE

43. Plaintiff incorporates Paragraphs 1 - 42 as though fully set forth herein.

44. The FLSA requires that employers pay all non-exempt employees not less than minimum wage for each hour worked in a workweek. 29 U.S.C. § 206.

45. Elevation and Kriegel were Plaintiff's employers, and Saenz was Defendants' employee, within the meaning of the FLSA. 29 U.S.C. § 203(d), (e).

46. Individual corporate officers or owners may be held liable for FLSA violations where they possess operational control. *Solis v. Int'l Detective & Protective Service, Ltd.*, 819 F. Supp. 2d 740, 748 (N.D. Ill. 2011) (citing *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991)).

47. Kriegel possessed and exercised the following authority as it relates to Elevation:

   a. The power to hire and fire employees;

   b. Supervisory authority over employees, including control over their work schedules and conditions of employment;

   c. Determining employees' methods and rates of pay; and

   d. Maintenance of employees' records.

48. Defendants violated the FLSA by failing to pay Plaintiff at least minimum wage for all hours Plaintiff worked in January 2021, March 2021, November 2021, January 2022, February 2022, March 2022, and April 2022.

49. As a direct result of Defendants' violation of the FLSA, Plaintiff suffered the loss of compensation in the form of unpaid wages.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting judgment in his favor against Defendants Elevation Real Estate Partners, and its owner, Stephen Kriegel, individually, awarding Plaintiff:

   A. Actual damages in the form of Plaintiff's unpaid minimum wages;

B. Liquidated damages, per the FLSA, of double his actual unpaid minimum wages;

C. Plaintiff's reasonable attorneys' fees;

D. The costs of this action; and

E. Such other and further relief as this Court deems just and proper.

## COUNT II – ALL DEFENDANTS
## IMWL – FAILURE TO PAY MINIMUM WAGE

50. Plaintiff incorporates Paragraphs 1 - 42 as though fully set forth herein.

51. The IMWL incorporates the FLSA's standards, including that for payment of a minimum wage. See 820 ILCS § 105/1 et seq.; 820 ILCS § 105/4(a); *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 650 (N.D. Ill. 2007) (holding the IMWL parallels the FLSA, and the same analysis generally applies to both statutes).

52. The IMWL requires an employer to pay its covered, non-exempt employee not less than $11 per hour from January 1, 2021, to December 31, 2021, and not less than $12 per hour from January 1, 2022, to December 31, 2022. See 820 ILCS § 105/4.

53. Elevation and Kriegel were Plaintiff's employer, and Saenz was Defendants' employee, within the meaning of the IMWL. 820 ILCS § 105/3(c), (d).

54. Plaintiff was a covered and non-exempt employee as defined under the IMWL.

55. Defendants violated the IMWL by failing to pay Plaintiff at least minimum wage for all hours Plaintiff worked in January 2021, March 2021, November 2021, January 2022, February 2022, March 2022, and April 2022.

56. As a direct result of Defendants' violation of the IMWL, Plaintiff suffered the loss of compensation in the form of unpaid wages.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order, granting judgment in his favor against Defendants Elevation Real Estate Partners, and its owner, Stephen Kriegel, individually, awarding Plaintiff:

A. Actual damages in the form of Plaintiff's unpaid minimum wages;

B. Treble damages, pursuant to the IMWL in the amount of triple his unpaid minimum wages;

C. Statutory interest on the unpaid minimum wages at the rate of 5% per month;

D. Plaintiff's reasonable attorneys' fees;

E. The costs of this action; and

F. Such other and further relief as this Court deems just and proper.

## COUNT III – ALL DEFENDANTS
## MUNICIPAL CODE OF CHICAGO – FAILURE TO PAY MINIMUM WAGE

57. Plaintiff incorporates Paragraphs 1 - 42 as though fully set forth herein.

58. The Municipal Code of Chicago provides that "every Employer shall pay to each Covered Employee for each hour of work performed for that Employer, no less than the greater of: (1) the minimum hourly Wage set by the Minimum Wage Law; (2) the minimum hourly Wage set by the Fair Labor Standards Act; or (3) the City's minimum hourly Wage." §6-105-020(a).

59. For employers with 4 -20 employees, the minimum wage was $13.50 from January 1, 2021, to July 1, 2021, when it increased to $14 per hour. §6-105-020(b)(2).

60. Elevation and Kriegel were Plaintiff's employer, and Saenz was Defendants' employee, within the meaning of the Municipal Code of Chicago. See §6-105-010.

61. Plaintiff was a covered employee as defined by the Municipal Code of Chicago and not exempt from the CMWO's requirements to pay employees a minimum wage. See §6-105-010

8

62. An employer who fails to timely pay a covered employee pursuant to §6-105-020 or in accordance with any wage agreement between the employer and the covered employee shall have committed wage theft. See §6-105-050.

63. Defendants committed wage theft by failing to pay Plaintiff at least minimum wage for all hours Plaintiff worked in January 2021, March 2021, November 2021, January 2022, February 2022, March 2022, and April 2022.

64. As a direct result of Defendants' violation of the Municipal Code of Chicago, Plaintiff suffered the loss of compensation in the form of unpaid wages.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order, granting judgment in his favor against Defendants Elevation Real Estate Partners and its owner, Stephen Kriegel, individually, awarding Plaintiff:

A. Actual damages in the form of Plaintiff's unpaid wages;

B. Treble Damages pursuant to §6-105-110 in the amount of triple his unpaid minimum wages;

C. Plaintiff's reasonable attorneys' fees;

D. The costs of this action; and

E. Such other and further relief as this Court deems just and proper.

## COUNT IV – ALL DEFENDANTS
## WAGE ACT – UNPAID COMPENSATION

65. Plaintiff incorporates Paragraphs 1 - 42 as though fully set forth herein.

66. The Wage Act requires employers to pay their employees according to their agreements and to pay employees all earned wages or final compensation. 820 ILCS 115/2.

67. Plaintiff was Defendant's employee, and Defendants were Plaintiff's employer, as defined under the Wage Act. 820 ILCS 115/2.

68. Decision makers who knowingly permit the violation of the Wage Act face individual liability for such violations. 820 ILCS 115/13.

69. Defendant Kriegel knew Plaintiff was owed earned compensation and, despite that knowledge, failed to pay Plaintiff all agreed and earned compensation.

70. Defendants knowingly violated the Wage Act by failing to pay and/or timely pay Plaintiff his earned compensation, including but not limited to:

   a. $8,333.33 of salary for January 16-31, 2021;

   b. $8,333.33 of salary for March 16-31, 2021;

   c. $16,666.66 of salary for November 2021;

   d. $16,666.66 of salary for January 2022;

   e. $16,666.66 of salary for February 2022;

   f. $16,666.66 of salary for March 2022; and

   g. $3,846.15 of salary for the work week beginning April 4, 2022.

71. As a direct result of Defendants' violation of the Wage Act, Saenz was damaged in the form of being denied earned compensation and/or timely payment of earned compensation.

Wherefore, Plaintiff respectfully requests that this Court enter judgment in his favor against Defendants Elevation Real Estate Partners and its owner Stephen Kriegel individually, awarding him:

   A. Payment to Plaintiff in the amount of his unpaid wages for 2021;

   B. Payment to Plaintiff in the amount of his unpaid wages for 2022;

   C. Statutory damages equivalent to 2% monthly interest pursuant to 820 ILCS 115/14 for all violations through July 9, 2021;

   D. Statutory damages equivalent to 5% monthly interest pursuant to 820 ILCS 115/14 for all violations, beginning on July 9, 2021;

   E. Reasonable attorneys' fees and costs as required under 820 ILCS 115/15; and

F. Such other and further relief as this Court deems appropriate and just.

## COUNT V – ALL DEFENDANTS
## WAGE ACT – FAILURE TO REIMBURSE EXPENSES

72. Plaintiff incorporates Paragraphs 1 - 42 as though fully set forth herein.

73. The Wage Act requires employers to reimburse employees for all necessary expenditures or losses incurred by the employee within the scope of his or her employment and directly related to the services performed for the employer. 820 ILCS 115/9.5

74. Plaintiff was Defendant's employee, and Defendants were Plaintiff's employer, as defined under the Wage Act. 820 ILCS 115/2.

75. Decision makers who knowingly permit the violation of the Wage Act face individual liability for such violations. 820 ILCS 115/13.

76. Defendant Kriegel knew Plaintiff was owed reimbursement for expenses, admitted the expenses should be reimbursed, promised to reimburse Plaintiff for the expenses, but despite his knowledge, admissions, and promises, failed to reimburse Plaintiff.

77. Defendants knowingly violated the Wage Act by failing to reimburse Plaintiff for his expenses totaling $4,497.69.

78. As a direct result of Defendants' violation of the Wage Act, Saenz was damaged by expending his own money, and not being reimbursed, on expenses incurred as part of his job duties on behalf of Defendants.

Wherefore, Plaintiff Thomas Saenz, respectfully requests that this Court enter judgment in his favor against Defendants Elevation Real Estate Partners and its owner Stephen Kriegel individually, awarding him:

    A. Payment to Plaintiff in the amount of $4,497.69 for unreimbursed expenses in 2021;

    B. Statutory damages equivalent to 2% monthly interest pursuant to 820 ILCS 115/14 for all violations through July 9, 2021;

    C. Statutory damages equivalent to 5% monthly interest pursuant to 820 ILCS 115/14 for all violations, beginning on July 9, 2021;

    D. Reasonable attorneys' fees and costs as required under 820 ILCS 115/15; and

    E. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

*/s/ Matthew Fletcher*
One of the Plaintiff's Attorneys

The Garfinkel Group, LLC
Matthew Fletcher (IARDC No. 6305931)
6252 N. Lincoln Avenue, Suite 200
Chicago, IL 60659
matthew@garfinkelgroup.com
(312) 736-7991